IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHERRYLENE GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1734 |
| | § | |
| SHELL OIL COMPANY and, | § | |
| GUSTAVO PENILLA d/b/a | § | |
| QUALITY TURBO SERVICES, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM, RECOMMENDATION, AND ORDER

Pending before the court[1] are Defendant Shell Oil Company's ("Shell") Motion to Dismiss (Docket Entry No. 5), Plaintiff's Motion for Entry of Default and Default Judgment against Defendant Gustavo Penilla ("Penilla") (Docket Entry No. 9), and Defendant Shell's Motion for Protection (Docket Entry No. 10). The court has considered the motions, all relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant Shell's Motion to Dismiss be **DENIED** and Plaintiff's Motion for Entry of Default and Default Judgment against Defendant Penilla be **GRANTED.**

Defendant Shell's Motion for Protection is **GRANTED.** A scheduling conference is set for Wednesday, October 1, at 10:00 a.m. in Courtroom 700. At that time, the court will set a date for

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Docket Entry No. 4.

an evidentiary hearing on the damages portion of Plaintiff's
default judgment against Defendant Penilla.

## I.  Case Background

In this sexual harassment suit, Plaintiff alleged that her
supervisor, Defendant Penilla, and coworker Emerado Salinas
("Salinas") both engaged in offensive sexual behavior toward her.
After completing the administrative procedures through the Equal
Employment Opportunity Commission, Plaintiff brought suit against
Defendants Penilla and Shell, both of which she describes as her
employers.

## II.  Defendant Shell's Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6),
dismissal of an action is appropriate whenever the complaint, on
its face, fails to state a claim upon which relief can be granted.
When considering a motion to dismiss, the court should construe the
allegations in the complaint favorably to the pleader and accept as
true all well-pleaded facts.  Cornish v. Corr. Servs. Corp., 402
F.3d 545, 548 (5th Cir. 2005).  Dismissal of a claim is improper
unless there is no doubt that the plaintiff will be unable to prove
the necessary facts in support of the allegations to entitle the
plaintiff to relief.  Id. at 549.

"While a complaint attacked by a Rule 12(b)(6) motion to
dismiss does not need detailed factual allegations, a plaintiff's
obligation to provide the 'grounds' of his 'entitlement to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, ___ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007)(internal citations and alterations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 1965. [O]f course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." <u>Id.</u> (internal quotation marks omitted).

Defendant Shell moves for dismissal on the basis of one sentence: "Plaintiff's Original Complaint fails, in whole or in part, to state a cause of action against Shell upon which relief can be granted and should therefore be dismissed pursuant to [Rule] 12(b)(6)."[2]  No explanation follows.  Defendant Shell lists thirteen defenses in its answer, but fails to brief any as a basis for its motion.  The court refuses to guess on what basis Defendant Shell seeks dismissal, "in whole or in part," or to search Defendant Shell's answer for assertions that contradict Plaintiff's complaint.  Moreover, the burden is on the movant, not the court, to research and to brief possible reasons for dismissal.

As far as the court can tell, Plaintiff's complaint presents facts that may support a sexual harassment claim against Defendant Shell.  The complaint alleges that Defendant Penilla and Salinas

---

[2]     Defendant Shell's Motion to Dismiss, Docket Entry No. 5, p. 1.

committed acts against Plaintiff that may constitute actionable
harassment.  Albeit unclear in what capacity Plaintiff was employed
by Defendant Shell, the complaint states that she "became employed
at Shell Oil Company and Q[uality] T[urbo] S[ervices] by Gustavo
Penilla."[3]   The complaint also claims that she reported the
incidents to Defendant Shell, "and nothing was ever done to correct
this."[4]

Defendant Shell's dismissal motion should be denied.

**III.  Plaintiff's Motion for Entry of Default and Default Judgment**

Rule 55(a) allows for the entry of default as follows:  "When
a party against whom a judgment for affirmative relief is sought
has failed to plead or otherwise defend, and that failure is shown
by affidavit or otherwise, the clerk must enter the party's
default."  After the entry of default, a plaintiff may request
judgment based on the default.  <u>N.Y. Life Ins. Co. v. Brown</u>, 84
F.3d 137, 141 (5th Cir. 1996).  Rule 55(b)(2) addresses default
judgment entered by the court, stating that the plaintiff must
apply for a default judgment.  The court may hold an evidentiary
hearing to determine the amount of damages.  Fed. R. Civ. P.
55(b)(2).

The Fifth Circuit has affirmed the district court's
discretionary authority to employ default judgment "in the interest

---

[3]     Plaintiff's Original Complaint, Docket Entry No. 1, p. 2.

[4]     <u>Id.</u> at p. 5.

4

of the orderly administration of justice." <u>Flaksa v. Little River Marine Constr. Co.</u>, 389 F.2d 885, 887 (5th Cir. 1968); <u>see also Mason v. Lister</u>, 562 F.2d 343, 345 (5th Cir. 1977)(stating that the entry of default by the court is a discretionary matter).   The trial judge may enter default judgment when a party fails to comply with its orders or rules of procedure.  <u>Flaksa</u>, 389 F.2d at 887; <u>see also United States v. One 1978 Piper Navajo PA-31 Aircraft</u>, 748 F.2d 316, 318 n.4 (5th Cir. 1984).

Plaintiff moves for the entry of default and default judgment because Defendant Penilla failed to answer Plaintiff's complaint after proper service.   Rule 4(e)(2) allows service by leaving copies of the summons and the complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."   The defendant must answer the complaint within twenty days of service.   Fed. R. Civ. P. 12(a)(1)(A)(i).   Failure to do so is grounds for default.   <u>See Bonanza Int'l, Inc. v. Corceller</u>, 480 F.2d 613, 614 (5th Cir. 1973).

Plaintiff hired a process server to deliver the summons and the complaint to Defendant Penilla.[5]  On June 24, 2008, the process server left the summons and the complaint at Defendant Penilla's residence with Blanca Ortiz, who claimed to reside with Defendant

---

[5]     <u>See</u> Return of Service, Docket Entry No. 7.

Penilla.[6]   Defendant Penilla has not answered the complaint or otherwise appeared before the court.

Based on the return of service affirming that the process server delivered the summons and the complaint in a manner that complied with the federal rules and on Defendant Penilla's failure to timely answer the complaint, the court finds the entry of default to be proper.   In its discretion, the court also finds that, under these circumstances, default judgment is appropriate after the entry of default.

### IV.   Defendant Shell's Motion for Protection

Rule 26(d)(1) states that a party is not to seek discovery from any source prior to a Rule 26(f) conference between the parties.  A party may move for protection from discovery under Rule 26(c).  The court has the power to issue an order of protection from discovery upon a showing of good cause.  Fed. R. Civ. P. 26(c)(1).

Defendant Shell moves for protection on the basis that the parties in this case have not held a planning conference pursuant to Rule 26(f).   The motion was filed on September 9, 2008.[7] Defendant Shell represents that it attempted to confer with Plaintiff's counsel regarding the motion, but was unable to make

---

[6]     See id.

[7]     See Docket Entry No. 10.

6

contact.[8]  Twenty days have not yet transpired since the filing of the motion, and Plaintiff has not yet responded.

Nevertheless, the court finds that Plaintiff's failure to comply with the federal is good cause for granting Defendant Shell protection from prematurely propounded discovery.  Thus, the court **GRANTS** Defendant Shell's motion and continues the discovery response date until thirty days after the parties have held their Rule 26(f) conference.  The parties are **ORDERED** to complete that conference prior to October 1, 2008.

### V.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant Shell's Motion to Dismiss be **DENIED** and Plaintiff's Motion for Entry of Default and Default Judgment against Defendant Penilla be **GRANTED**.

Defendant Shell's Motion for Protection is **GRANTED**.  A scheduling conference is set for Wednesday, October 1, at 10:00 a.m. in Courtroom 700.  At that time, the court will set a date for an evidentiary hearing on the damages portion of Plaintiff's default judgment against Defendant Penilla.

The Clerk shall send copies of this Memorandum, Recommendation, and Order to the respective parties who have ten days from the receipt thereof to file written objections thereto

---

[8]     See Defendant Shell's Motion for Protection, Docket Entry No. 10, pp. 2-3, Ex. A, letter from Laura Gibson to Cyril Chukwurah dated Aug. 11, 2008.

pursuant to Rule 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 22nd day of September, 2008.

Nancy K. Johnson
United States Magistrate Judge