UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHERRYLENNE GARCIA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-1734 |
| | § | |
| SHELL OIL COMPANY, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ADOPTING IN PART MAGISTRATE JUDGE'S
MEMORANDUM AND RECOMMENDATION**

Pending before the court is the magistrate judge's memorandum and recommendation dated September 22, 2008.[1] Dkt. 11. In the memorandum and recommendation, the magistrate judge recommends defendant Shell Oil Company's ("Shell") motion to dismiss (Dkt. 5) be denied and plaintiff Sherrylenne Garcia's ("Garcia) motion for entry of default and default judgment against defendant Gustavo Penilla ("Penilla") (Dkt. 9) be granted. After review of the memorandum and recommendation, the record before the court, and the applicable law, the court is of the opinion that the memorandum and recommendation be ADOPTED in part. Accordingly, Shell's motion to dismiss is DENIED. However, Garcia's motion for entry of default and default judgment against defendant Penilla is also DENIED.

**I. ANALYSIS**

**A. Standard of Review**

Federal Rule of Civil Procedure 72(b) requires the district court to review *de novo* the

---

[1] The magistrate judge also issued an order granting Shell's motion for protection. Dkts. 10, 11. This order has not been appealed and, therefore, is not addressed.

portions of the magistrate judge's recommendation regarding dispositive motions to which the nonmovant has *properly objected.* FED. R. CIV. P. 72(b). Based on its review, the district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* The motions to dismiss and for entry of default and default judgment are dispositive. However, the only objections filed are those of Penilla to the magistrate judge's recommendation that the motion for entry of default and default judgment be granted.[2] Dkt. 13. Therefore, the court reviews *de novo* only Garcia's motion for entry of default and default judgment.

## B. Motion for Entry of Default and Default Judgment

At the time Garcia's motion for entry of default and summary judgment was filed, Penilla, although properly served on June 24, 2008, had not appeared. Dkts. 7, 5, 11. Penilla claims that his limited understanding of the English language and the legal significance of the documents led him to believe that he was merely receiving a copy of the filings, as opposed to being named personally as a defendant. Dkt. 13. After the magistrate judge issued the memorandum and recommendation in which she recommended that default judgment against Penilla be granted, Shell contacted Penilla to bring to his attention the fact that he was a named defendant and could have a default judgment entered against him. *Id.*; *see also* Dkt. 11. Soon thereafter, Penilla answered the original complaint and filed objections to the magistrate judge's memorandum and recommendation. Dkts. 12, 13.

"The Fifth Circuit has repeatedly stated that default judgments are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'" *Street v. Smith*, 456 F. Supp. 2d 761, 764 (S.D. Miss. 2006)

---

[2] The memorandum and recommendation was issued on September 22, 2008. Objections to the memorandum and order were due by October 6, 2008. Defendant Penilla's objections were filed on September 26, 2008. Dkt. 13.

2

(quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)) (internal quotations omitted). Although Penilla failed to timely answer the original complaint and respond to the motion for entry of default and default judgment, he has since appeared, answered, and timely filed objections to the magistrate judge's memorandum and recommendation.  Therefore, default judgment is no longer appropriate.

## II. CONCLUSION

Based on the aforementioned reasoning, the court ADOPTS the portions of the magistrate judge's memorandum and recommendation recommending that defendant Shell Oil Company's motion to dismiss be denied.  Accordingly, defendant Shell Oil Company's motion to dismiss (Dkt. 5) is DENIED.  Further, because of events subsequent to the issuing of the magistrate judge's memorandum and recommendation, plaintiff's motion for entry of default and default judgment (Dkt. 9) is DENIED.

Signed at Houston, Texas on October 9, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY